UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DIANTE D. FLETCHER-SWARTZFAGER,

Plaintiff,

v.

NNCC WARDEN,

Defendant.

Case No. 3:25-cv-00614-MMD-CLB

ORDER

Plaintiff DiAnte D. Fletcher-Swartzfager brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Northern Nevada Correctional Center and Southern Desert Correctional Center. (ECF No. 7.) On October 26, 2026, the Court issued a Screening Order, which was served on Plaintiff at his address of record. (ECF No. 6.) That order was returned as undeliverable. (ECF No. 10.) On November 16, 2026, the order setting an Inmate Early Mediation date was also returned to the Court as undeliverable. (ECF No. 11.) Under the Court's Local Rules, a "pro se party must immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number. The notification must include proof of service on each opposing party or the party's attorney. Failure to comply with this rule may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court." LR IA 3-1. Fletcher-Swartzfager has not filed an updated address.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court

order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed without the ability for the Court and the defendants to send Plaintiff case-related documents, filings, and orders, the only alternative is to enter an order setting a deadline for him to update his address. But without an updated address, the likelihood that the

order would even reach Plaintiff is low, so issuing an order will only delay the inevitable and further squander the Court's finite resources. Setting a deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to file an updated address pursuant to the Local Rules. The application to proceed *in forma pauperis* (ECF No. 1) is denied as moot. The Clerk of Court is directed to enter judgment accordingly and close this case. If Plaintiff wishes to pursue his claims, he must file a complaint in a new case and either pay the filing fee or apply to proceed *in forma pauperis*.

DATED THIS 19th Day of November 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE